**The below described is SIGNED.**

**Dated: November 17, 2011**   /s/ J T Marker



**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:**<br><br>**LOFTE'S, LLC**<br><br>Debtor. | **Bankruptcy Case No. 11-22071**<br>**Chapter 11**<br><br>**Judge Joel T. Marker**<br><br>**(Filed Electronically)** |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING DEBTOR'S MODIFIED AMENDED PLAN OF REORGANIZATION

Confirmation of the Debtor's Modified Amended Joint Plan of Reorganization filed by Lofte's, LLC, dated November 10, 2011 (the "Plan"), came on for hearing before the Honorable Joel T. Marker on November 16, 2011 at 10:00 a.m. Proper notice of the confirmation hearing has been made, the Bankruptcy Court,[1] having considered the matters before it, including the Plan, the Plan ballots, the Declaration of Lofte Daoua in Support of Confirmation of the Plan which is on file with the Bankruptcy Court, the sole objection to the Plan having been withdrawn by the objecting Creditor, all Creditors having now voted to accept the Plan, and good cause appearing, hereby makes the following Findings of Fact, Conclusions of Law and Order, in addition to any findings of fact made of record at the hearing:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

1. On November 15, 2011, the Debtor filed its Modified Amended Plan of Reorganization, dated November 10, 2011, at docket number 62 (the "Plan").

2. Notice of the Confirmation Hearing was sufficient and complied with applicable requirements of the Bankruptcy Code and Bankruptcy Rules.

3. The Plan complies with the applicable provisions of the Bankruptcy Code.

4. The Plan complies with applicable provisions of section 1122 of the Bankruptcy Code in that it has placed within each respective Class only those Claims or Interests which are substantially similar. Each secured claim is separately classified according to its various rights, and all unsecured claims are classified together in Class 6.

5. The Plan complies with section 1122 in that the there are not too few or too many Classes, the classification is not designed to manipulate voting, and the classification scheme does not violate basic priority rights.

6. The Plan complies with the applicable provisions of section 1123 of the Bankruptcy Code as specifically described hereafter.

7. The Plan complies with sections 1123(a)(1) through (4) of the Bankruptcy Code in that it designates Classes of Claims and Classes of Interests, specifies which Classes of Claims and Interests are and are not Impaired, specifies the treatment of all Impaired Classes of Claims and Interests; and provides for the same treatment for each Claim or Interest of a particular Class unless the holders thereof agree to a less favorable treatment.

8. The Plan complies with sections 1123(a)(5) of the Bankruptcy Code in that the Plan provides adequate means for implementation, including, without limitation, retaining the Club Property, restructuring the Club Loan with LNV, assuming the lease with Lofte's Private Club

and Restaurant to operate at the Club Property, eliminating the Pizzeria Loan and any deficiency related thereto, reducing the SBA claim against the Pizzeria Property, and creating the Plan Fund which includes the income of the Debtor from leasing the Club Property.

9. The Plan complies with section 1123(a)(7) of the Bankruptcy Code in that it contains provisions consistent with the interests of Creditors and with public policy with respect to the manor of selecting officers and directors and successors thereof.

10. The Plan complies with section 1123(b) of the Bankruptcy Code in that it provides for the treatment of all Claims and Interests, whether Impaired or otherwise, provides for the assumption or rejection of all executory contracts or unexpired leases of the Debtor, and includes other appropriate provisions not inconsistent with the Bankruptcy Code.

11. The Plan complies with section 1126(a) of the Bankruptcy Code in that holders of Claim or Interests have been entitled to vote to accept or reject the Plan.

12. Ballots soliciting acceptances or rejections of the Plan have been provided to each such holder entitled to vote, and such Ballots have been tabulated by Debtor's counsel.

13. The results of such balloting have been filed with the Bankruptcy Court and no party in interest has objected either to the procedures for notice and balloting, the execution of such procedures, or the final tabulation of such Ballots.

14. The Plan complies with section 1126(c) of the Bankruptcy Code in that all Creditors in all Classes have voted to accept the Plan.

15. The Plan complies with the applicable provisions of section 1129 of the Bankruptcy Code as specifically described hereafter.

16. The Plan complies with section 1129(a)(2) of the Bankruptcy Code in that the Debtor complied with the applicable provisions of title 11 of the United States Code.

17. The Plan complies with section 1129(a)(3) of the Bankruptcy Code in that the Debtor has proposed the Plan in good faith and not by any means forbidden by law.

18. The Plan complies with section 1129(a)(4) of the Bankruptcy Code in that any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Bankruptcy Case has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable.

19. The Plan complies with section 1129(a)(5) of the Bankruptcy Code as there are no other directors, officers or voting trustees to be appointed for the Debtor. I will remain as the sole manager of the Debtor, and I will continue to serve without compensation from the Debtor.

20. Section 1129(a)(6) of the Bankruptcy Code does not apply because there is no such rate change sought;

21. The Plan complies with sections 1129(a)(7) and (8) in that with respect to each Impaired Class of Claims or Interests, holders of such Class have accepted the Plan, and all Classes were deemed Impaired and permitted to vote.

22. The Plan complies with section 1129(a)(9)(A) in that, except to the extent that a holder of a particular Claim has agreed to a different treatment, the Plan provides that, with respect to Claims of a kind specified in sections 507(a)(2) or (3) of the Bankruptcy Code, the holder of such a Claim will receive, on the Effective Date or the date such Claim becomes Allowed, Cash equal to the Allowed amount of such Claim;

23. The Plan complies with section 1129(a)(9)(B) in that, except to the extent that a holder of a particular Claim has agreed to a different treatment, the Plan provides that, with respect to Claims of a kind specified in sections 507(a)(1) and (4) through (7), each such holder of such a Claim will receive, on the Effective Date or the date such Claim becomes Allowed, Cash equal to the Allowed amount of such Claim;

24. The Plan complies with section 1129(a)(9)(C) in that the holders of Claims of the kind specified in section 507(a)(8) will receive Cash equal to the Allowed amount of such Claims within the time period stated in section 507(a)(8);

25. The Plan complies with section 1129(a)(10) in that all Classes of Claims were deemed Impaired, and all Classes of Claims voted to accept the Plan.

26. The Plan complies with section 1129(a)(11) based, in part, on the assumption by the Debtor of the lease with Lofte's Private Club and Restaurant, which is expected to provide sufficient funds to pay the likely Allowed amount of all Claims.

27. The Plan complies with section 1129(a)(12) in that the Plan provides for the payment of all fees payable under section 1930 of title 28 as of the Effective Date, and in fact the Debtor has made all such required payments throughout the administration of this case.

28. Section 1129(a)(13) of the Bankruptcy Code does not apply because the Debtor does not have, and will not have, after the Effective Date, any obligation for the payment of retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code.

29. Section 1129(a)(14) of the Bankruptcy Code does not apply because the Debtor is not under any domestic support order.

30. Section 1129(a)(15) of the Bankruptcy Code does not apply because the Debtor is not an individual.

31. Section 1129(a)(16) of the Bankruptcy Code does not apply because the Debtor is not one of entities subject to such special restrictions on transfers.

32. The only objection to the Plan, which was filed by Salt Lake County Treasurer, has been withdrawn and Salt Lake County Treasurer has submitted ballots accepting the Plan.

33. A Disclosure Statement, under section 1125, has been sent to all Creditors.

34. The proposed modifications to the Plan constitute clarifications relating to particular Claims by agreement between the Debtor and the applicable Claimant, and, as such, do not materially adversely affect or change the treatment of any other claim;

35. The proposed modifications of the Plan do not require additional disclosure under section 1125 or re-solicitation of votes under section 1126, nor do they require that holders of Claims be afforded an opportunity to change previously cast acceptances of the Plan.

## **CONCLUSIONS OF LAW AND ORDER**

Based on the foregoing Findings of Fact, the Court hereby concludes, as a matter of law, and orders that:

A. <u>Confirmation</u>. The Plan, as modified herein, and as attached hereto, is approved and confirmed under section 1129. The Court approves the modifications made to the Plan since voting by Creditors and finds that the modifications do not require the re-solicitation of Ballots.

B. <u>Objections to Plan</u>. The sole objection to the Plan, which was filed by Salt Lake County Treasurer, has been withdrawn and said creditor has now voted to accept the Plan.

C. <u>Plan Modifications</u>. The Debtor filed a Modified Amended Plan of Reorganization, which includes additional non-material revisions to the Plan, including (a) clarification that interest accrues on the Class 1 Claim from the Petition Date until the Allowed amount is paid in full, and that the lien securing the Class 1 Claim remains in place according to applicable Utah law; (b) that the treatment of the Class 3 Claim is conditioned on the Debtor timely receiving applicable rent payments; (c) clarification that the Debtor will assign to the Class 3 Creditor its rights in a sign lease with is a part of the Pizzeria Property being transferred to the Class 3 Creditor; and (d) clarification of the amount of the Class 3 Claim. These modifications constitute clarifications relating to particular Claims, or granting additional rights to all Creditors, and are not material. Accordingly, additional disclosure or re-solicitation is unnecessary.

D. <u>Binding Effect</u>. The Plan and its provisions shall bind the Debtor, all Creditors, Interest Holders and other parties in interest, whether or not the Claim or Interest of such Creditor or Interest Holder is impaired under the Plan and whether or not such Creditor or Interest Holder has accepted the Plan.

E. <u>Vesting of Assets</u>. Pursuant to the Plan and except as otherwise expressly provided in the Plan, on the Effective Date, without any further action, all of the Assets of the Debtor's Estate shall vest in the Debtor, free and clear of all Claims, liens, encumbrances, charges and other interests, except as otherwise provided in the Plan. From and after the Effective Date, the Debtors may operate his business and use and acquire and dispose of property and settle and compromise claims or interests arising on or after the Effective Date without supervision by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or

7

Case 11-22071 Doc 67 Filed 11/17/11 Entered 11/17/11 15:34:47 Desc Main
Document Page 8 of 9

Rules, including applicable local rules, other than those restrictions expressly imposed by the Plan.

  F. <u>Assumption or Rejection of Executory Contracts and Unexpired Leases</u>. Pursuant to Section 10.3 of the Plan, as of the Effective Date, the lease for the Club Property between the Debtor and Lofte's Private Club and Restaurant is assumed, and all other leases and executor contracts are deemed rejected.

  G. <u>Preservation of Rights of Action</u>. Pursuant to the Plan, the Debtor and its Estate shall retain, as of the Effective Date and may enforce any and all Claims of the Debtor.

  H. <u>Discharge of the Debtor</u>. Except as otherwise provided in the Plan and the Schedules to the Plan: (i) the Debtor shall be deemed discharged and released to the fullest extent permitted by section 1141 of the Bankruptcy Code from all Claims and Interests that arose prior to the Effective Date, including Claims arising under sections 502(g), 502(h) and 502(i) of the Bankruptcy Code. Except as provided in the Plan, all Persons shall be precluded from asserting against the Debtor or its Assets any Claim or Interest.

  I. <u>Discharge Injunction</u>. Except as otherwise provided in the Plan and all Schedules thereto, on and after the Effective Date, all Persons who have held, currently hold or may hold a Claim or Interest are permanently enjoined from taking the following action against the Debtor and its Cash and Assets in any manner inconsistent with the Plan and the Confirmation Order: (i) commencing or continuing an action or proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; or (iii) creating, perfecting or enforcing any lien or encumbrance. To the extent that the Debtor is injured by a willful violation of such injunction, the Debtor shall be entitled to recover actual damages, including costs and

attorneys' fees, and in appropriate circumstances, may recover punitive damages from a willful violator. Nothing herein shall be construed to grant a discharge that exceeds the scope of the discharge otherwise provided pursuant to the Bankruptcy Code.

J. <u>Notice of Entry of Confirmation</u>. Within ten (10) Business Days following the entry of this Order, the Debtor shall serve notice of the entry of this Order pursuant to Bankruptcy Rules 2002(f)(7), 2002() and 3020(c) on all Creditors and Interest holders, the United States Trustee, and other parties in interest, by causing a copy of this Order to be delivered to such parties via first-class mail, postage prepaid.

K. <u>Bankruptcy Court Retention of Jurisdiction</u>. Notwithstanding anything contained in the Plan, this Court shall retain jurisdiction over the post confirmation Debtors only to the extent permitted under the Bankruptcy Code. This Court shall retain jurisdiction to the extent necessary to enforce the Plan.

L. <u>Entire Agreement</u>. The Plan supercedes all prior discussions, understandings, agreements, and documents pertaining to or relating to any subject matter of the Plan. If any inconsistency between the provisions of this Order and the provisions of the Plan exists, the provisions of the Plan will govern and control.

M. <u>Implementation</u>. The Debtor is hereby authorized and directed to implement the terms of the Plan, and perform such other acts as required by the Plan.

[End of Order]